**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Douglas Hipp; Judi Kay Hipp, | No. CV-13-02547-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| M&T Bank;  Mortgage Electronic Registration Systems;  Old Republic Title Insurance Agency Incorporated;  Quality Loan Service Corporation;  Wells Fargo Bank NA;  Federal Home Loan Mortgage Corporation;  Unknown Parties, | |
| Defendants. | |

Pending before the Court are Defendants Federal Home Loan Mortgage Corporation's, Mortgage Electronic Systems, Inc.'s and Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 11) and Defendant M&T Bank's Motion to Dismiss (Doc. 12). For the following reasons, these motions are granted.

## BACKGROUND

Plaintiffs, through counsel, filed their Complaint (Doc. 1-1) in the Arizona State Superior Court in Yuma, Arizona on October 16, 2013.  The Complaint revolves around title and ownership of property and alleges ten causes of action: (1) Lack of Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress; (5) Quiet Title; (6) Slander of Title; (7) Declaratory Relief (8) Violations of the Truth in Lending Act (TILA); (9) Violations of the Real Estate Settlement Procedures Act (RESPA); and (10) Rescission.

On December 13, 2013 Defendants Mortgage Electronic Registration Systems, Wells Fargo Bank NA, Federal Home Loan Mortgage Corporation filed a Notice of Removal with the Court, removing the case from Arizona State Superior Court based on several grounds for jurisdiction, including diversity jurisdiction and federal question jurisdiction. (Doc. 1) On January 10, 2014, Defendants Federal Home Loan Mortgage Corporation, Mortgage Electronic Systems, Inc. and Wells Fargo Bank, N.A. filed and served their Motion to Dismiss (Doc. 11). On January 17, 2014, Defendant M&T Bank filed and served its Motion to Dismiss (Doc. 12). On January 31, 2014, Federal Home Loan Mortgage Corporation, Mortgage Electronic Registration Systems, Wells Fargo Bank NA filed and served a Notice (Doc. 15) regarding the lack of opposition from Plaintiffs to their Motion to Dismiss. In this Notice, these Defendants noted that under local rules Plaintiffs response to their Motion was due January 27, 2014. The Notice also pointed out Local Rule of Civil Procedure P. 7.2(i), which states that "if the unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non- compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." (Doc. 15 at 2.)

On February 3, 2014, Plaintiffs filed a Motion for Extension of Time (Doc. 16) to respond to Defendants' motions, though it does not specify the amount of time requested or when a Response would be filed. Plaintiffs claimed they were examining a recent case decided by the Arizona Court of Appeals on January 30, 2014, *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 318 P.3d 419 (Ariz. Ct. App. 2014), which opinion, Plaintiffs stated "squarely impacts the issues in this matter." (Doc. 16 at 1.) Both groups of Defendants filed responses (Doc. 17, 18) opposing Plaintiffs' Motion for Extension of Time citing Plaintiffs' failures to comply with local rules and a lack of communication by the Plaintiffs with the Defendants and the Court. (Docs. 17 at 2; Doc. 18 at 2.) Defendants also noted that the case supposedly under consideration was decided after Plaintiffs' first deadline passed, and, they argued, was inapposite to the issues raised by Defendants in their Motions to Dismiss. (*Id*.) Defendants also pointed again to Local

Rule of Civil Procedure P. 7.2(i) which warns that a failure to respond to a motion may be deemed consent to the denial or granting of the motion. (*Id.*) On February 25, 2014, however, the Court granted Plaintiffs' Motion for the Extension of Time (Doc. 16), giving Plaintiffs "until March 11, 2014 to file Responses to the pending Motions to Dismiss (Docs. 11-12)." (Doc. 19.) This second deadline has now passed.

## DISCUSSION

Local Rule of Civil Procedure 7.2 provides that counsel's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Federal Rule of Civil Procedure 60(b)(1) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." However, "mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The 9th Circuit has affirmed a district court's decision that a lawyer's failure to read and understand unambiguous rules does not constitute excusable neglect. *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001); *See also In re Hawaiian Airlines, Inc.*, CV. 08-00405 DAE-BMK, 2011 WL 1483923 (D. Haw. Apr. 18, 2011). Neither Plaintiffs nor their counsel have submitted any indication that their missed deadlines are excusable. Instead, in Plaintiffs' Motion for the Extension of Time (Doc. 16) after the first missed deadline, Plaintiffs' counsel stated he wished to review a recent case from the Arizona Court of Appeals, even though this case was issued after Plaintiffs' deadline had already passed. (Doc. 16 at 1.)

Plaintiffs' failure, through counsel, to respond to Defendants' Motions to Dismiss (Docs. 11-12) even after the Court granted (Doc. 19) a post-deadline request for an Extension of Time (Doc. 16) is sufficient grounds for dismissal. The Court does not need to address the merits of the Defendants' Motions to Dismiss (Docs. 11-12). *Wystrach v. Ciachurski*, 267 F. App'x 606, 609 (9th Cir. 2008) (There is no requirement to examine the merits of an unopposed motion to dismiss before summarily granting it pursuant to a

local rule.) (citing *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995)). The Court finds that Plaintiffs' failure to respond represents consent to the granting of the Motions. LRCiv 7.2(i).

Therefore,

**IT IS ORDERED** that Defendants Federal Home Loan Mortgage Corporation's, Mortgage Electronic Systems, Inc.'s and Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant M&T Bank's Motion to Dismiss (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **terminate** this action and enter judgment accordingly.

Dated this 24th day of March, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge